UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marilynn Dunn, | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   **Case No. 3:03cv1928 (JBA)** |
| United States Federal Bureau | : |
| of Prisons, George Camacho, | : |
| David Gold, Eric Pipert, | : |
| Marvin Bundy, Kuma J. Deboo, | : |
|     Defendants. | : |

**Ruling on Defendants' Motion to Dismiss,
Or In The Alternative, For Summary Judgment [Doc. # 17]**

Plaintiff Marilynn Dunn, a former inmate at the Federal
Correctional Institution in Danbury, Connecticut ("FCI Danbury"),
filed her pro se[1] complaint asserting a claim under the Federal
Tort Claims Act ("FTCA"), 28 U.S.C. § 2670 et seq., for injuries
suffered while she was imprisoned and Bivens claims against the
individual defendants for deliberate indifference to her medical
needs in violation of the Eighth Amendment and for violation of
her First Amendment right of access to the courts. See Complaint
[Doc. # 2].

Defendants seek dismissal pursuant to Fed. R. Civ. P.
12(b)(1) or 12(b)(6), or summary judgment (see [Doc. # 17]),
arguing that plaintiff's FTCA claim is jurisdictionally barred by
the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126,

_____

[1] Dunn has since obtained counsel, who filed her opposition
to defendants' Motion.

1

28 C.F.R. § 301.101 et seq., that even if plaintiff's FTCA claim is not jurisdictionally barred, it must be dismissed for failure to comply with the FTCA because none of the defendants are proper parties and because plaintiff seeks recovery exceeding the damages sought in her administrative tort claim filed with the Federal Bureau of Prisons, and that plaintiff's Bivens claims must be dismissed because plaintiff is suing the individual defendants in their official, rather than individual, capacities. See Def. Mem. [Doc. # 18]; Def. Reply Mem. [Doc. # 26].  For the reasons that follow, defendants' Motion is granted.

I.   **FACTUAL BACKGROUND**

In May 1999, plaintiff was sentenced in the United States District Court for the Southern District of New York to 87 months imprisonment with a five year period of supervised release for armed bank robbery.  Plaintiff was thereafter incarcerated at FCI Danbury from June 28, 2000 through March 7, 2003, and again from May 29, 2003 through September 15, 2004, when she was released to home confinement.  She was released from home confinement for good behavior on November 10, 2004.

Plaintiff alleges that on March 26, 2002, she was assigned to work on Cable Floor 2 of the United Corrections Federation Industries, Inc. ("UNICOR") factory.  She asserts that as she was "exiting her assigned work area to respond to a scheduled medical appointment at the facility clinic, she tripped and fell over a

2

piece of equipment." Complaint ¶ 1.[2] Plaintiff claims that the equipment "was not and has [sic] not been in immediate use, but was negligently left unattended and obstructing the walkway without any precautionary devices or markings indicating its location, and/or, presence as a potential safety hazard." Id. Plaintiff alleges that after falling, she was escorted in a semi-conscious state in a wheelchair to the facility clinic, and that she suffered "extreme trauma to her head that rendered her semi-conscious; facial swelling and multiple contusions; swelling, contusions, and tendon damage to her right knee; and extreme trauma to her lower back and left shoulder." Id. ¶¶ 2-3. Plaintiff was referred to a specialist, who determined that surgery would be necessary to repair the tendon damage to her right knee. Id. ¶ 4.

Plaintiff claims that she was denied medical treatment inasmuch as defendants "neglected to schedule and perform the surgical procedure for several months after it was first determined that surgery was necessary," id. ¶ 6, and that despite her "continuous complaints and requests in regard to the psychological trauma she suffered and is still experiencing as a result of the incident, to date, no efforts to afford her

---

[2]  While plaintiff's Complaint states that the date of her injury was March 26, 200**3**, see Complaint ¶ 1, this appears to be a typographical error as plaintiff acknowledges in her Opposition Memorandum that the Government's records show that the injury occurred on March 26, 200**2**.  See Pl. Opp. Mem. [Doc. # 23] at 1.

treatment have been made," <u>id</u>. ¶ 5.  Plaintiff also claims that

defendants have interfered with her access to the courts by,

<u>inter alia</u>, coercing her to apply for workers compensation and

granting her such compensation even though her injuries were non-

work related, transferring her retaliatorily prior to her surgery

to an out-of-state facility where working is required, and

compelling her to return to work immediately following her

surgery, prior to any follow-up examination or physical therapy.

<u>Id</u>. ¶ 6.  Plaintiff alleges that, in their various official

capacities, the individual defendants were obligated to ensure a

reasonably safe working environment for inmate employees,

including instituting and ensuring enforcement of appropriate

safety measures.[3]  <u>Id</u>. ¶¶ 7-11.

## II.  STANDARD

Defendants move to dismiss plaintiff's Complaint pursuant to

Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction

or for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6).[4]  In ruling on a motion to dismiss under Rule 12(b)(6),

the Court accepts all well-pleaded allegations as true and draws

---

[3]  Defendant Camacho is UNICOR Foreman, Complaint ¶ 7,
defendants Gold and Pipert are UNICOR Factory Manager and
Assistant Factory Manager, respectively, <u>id</u>. ¶ 8, defendant Bundy
is Safety Manager, <u>id</u>. ¶ 10, and defendant DeBoo is Warden of FCI
Danbury, <u>id</u>. ¶ 11.

[4]  Defendants move in the alternative for summary judgment.
However, because the case can be resolved on a motion to dismiss,
the Court treats defendants' motion as one for dismissal.

all reasonable inferences in favor of the pleader.  <u>Hishon v.
King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Allen v. Westpoint-
Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991).  A "complaint
should not be dismissed for failure to state a claim unless it
appears beyond doubt that the plaintiff can prove no set of facts
in support of [her] claim which would entitle [her] to relief."
<u>Conley</u>, 355 U.S. at 45-46 (footnote omitted); <u>Jahgory v. N.Y.
State Dep't of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997).  "The
issue is not whether a plaintiff will ultimately prevail but
whether the claimant is entitled to offer evidence to support the
claims.  Indeed it may appear on the face of the pleadings that a
recovery is very remote and unlikely but that is not the test."
<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Additionally, "[a] case is properly dismissed for lack of
subject matter jurisdiction under Rule 12(b)(1) when the district
court lacks the statutory or constitutional power to adjudicate
it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir.
2000).  In resolving a motion to dismiss for lack of subject
matter jurisdiction under Rule 12(b)(1), the court may refer to
evidence outside the pleadings.  <u>Id</u>.  Evidence concerning the
court's jurisdiction "may be presented by affidavit or
otherwise."  <u>Kamen v. American Tel. & Tel. Co.</u>, 791 F.2d 1006,
1011 (2d Cir. 1986).  A plaintiff asserting subject matter
jurisdiction has the burden of proving by a preponderance of the

evidence that it exists.  <u>Makarova</u>, 201 F.3d at 113.

## III. DISCUSSION

## A.    FTCA Claim

The IACA authorizes the Federal Prison Industries to compensate inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined."  18 U.S.C. § 4126(c)(4).  Under the regulations promulgated pursuant to the IACA, compensation is limited to inmates who suffer "work-related injuries" and takes two forms – compensation for physical impairment or death and compensation for lost-time wages.  <u>See</u> 28 C.F.R. § 301.101.  A "work-related" injury is defined as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment."  <u>See</u> 28 C.F.R. § 301.102.  Pursuant to 28 C.F.R. § 301.202, after receiving notice of a possibly work-related injury, the Institution Safety Committee "make[s] a determination of the injury's work-relatedness based on the available evidence and testimony," and a copy of its decision is provided to the inmate.

In <u>United States v. Demko</u>, 385 U.S. 149 (1966), the Supreme Court held that the IACA compensatory scheme was sufficiently comprehensive so as to be the exclusive remedy for an inmate who

had been awarded compensation pursuant to the IACA.[5]  In Demko,
an inmate was injured in the performance of an assigned prison
task and filed a claim for compensation benefits under the IACA.
After winning a compensation award, he brought a FTCA claim in
federal court alleging that his injury was due to the
Government's negligence and claiming entitlement to additional
damages.  Demko, 385 U.S. at 150.  Relying on the principle that
"where there is a compensation statute that reasonably and fairly
covers a particular group of workers, it presumably is the
exclusive remedy to protect that group," the Supreme Court held
that because the inmate was "protected" by the IACA, and indeed
had already received compensation for his injuries pursuant to
the Act, recovery under the IACA was his exclusive remedy and his
FTCA claim was thus barred.  Id. at 152-54.

Plaintiff acknowledges the holding in Demko, but contests
its applicability to her case, arguing that her injuries were not
work-related because they were sustained as she "was leaving her
assigned work area."  Complaint ¶ 2.  Plaintiff admits by her
allegations that she applied for, and received, IACA
compensation, but claims that the determination that her injuries

---

[5]  See also 28 C.F.R. § 301.319 ("Inmates who are subject to
the provisions of these Inmate Accident Compensation regulations
are barred from recovery under the Federal Tort Claims Act (28
U.S.C. 2671 et seq.).  Recovery under the Inmate Accident
Compensation procedure was declared by the U.S. Supreme Court to
be the exclusive remedy in the case of work-related injury.  U.S.
v. Demko, 385 U.S. 149 (1966).").

were work-related was "inaccurate, and a collaborated and conspirital [sic] attempt by [defendants] to prevent [plaintiff] from pursuing more availing compensable legal remedies." Id. ¶ 9.[6]  A similar issue was considered in Moore v. United States, 85cv1151, 1988 WL 70025 (N.D.N.Y. June 30, 1988), where plaintiff had been injured when he slipped while walking on an icy pathway between his assigned workplace and another prison facility. Plaintiff filed an administrative tort claim and was informed by the Bureau of Prisons that because his injury was work-related, the IACA was his exclusive remedy. Id. at *2-3.  Rather than submit an IACA claim for her injuries, plaintiff filed a FTCA suit in federal court for negligence, contending that jurisdiction was proper under the FTCA because his injury was not work-related and claiming that on the day of his injury, he was not on a work assignment but instead was "enroute to the gym for recreational weight lifting." Id. at *3.  The Moore court noted that the prison's Safety Committee had determined that plaintiff's injury was work-related and plaintiff had received notice that he had the right to file an IACA claim, and determined that under the IACA regulations, if plaintiff wanted

---

[6]  Plaintiff also argues that she was provided inadequate assistance when she attempted to file an IACA claim for compensation for her injuries prior to her release from prison because she was not provided with a claim form and was not informed of the specific time period in which she needed to file her claim.  Pl. Opp. Mem. at 3-5.

to contest the "work-relatedness" of his injury, administrative appeal processes were provided in both the Administrative Remedy Procedure for Inmates and the IACA regulations.  Id. at *4.  The Moore court thus concluded that because the Safety Committee had determined plaintiff's injury was work-related, and plaintiff had not appealed that determination, his FTCA claims were barred. Id. at *5.

Like the plaintiff in Moore, plaintiff Dunn applied for and received IACA compensation for her lost-time wages and did not administratively appeal the determination that her injuries were work-related.[7]  In addition to the decision in Moore which is persuasive reasoning directly on-point, language from both Demko and Granade v. United States, 356 F.2d 837 (2d Cir. 1966), suggests that where a federal prisoner "ha[s] already been protected by 18 U.S.C. § 4126 [(the IACA)]," recovery under the FTCA is not available.[8]  See Demko, 385 U.S. at 384; Granade, 356

---

[7]  The administrative appeal processes include the Administrative Remedy Procedure for Inmates, 28 C.F.R. § 542.10 et seq., and the appeal procedures specific to IACA recovery, at 28 C.F.R. §§ 301.306, 301.308-301.313.

[8]  As other courts have held, the Demko holding is one of exclusivity of remedies, not election of remedies.  See, e.g., Joyce v. United States, 474 F.2d 215, 219 (3d Cir. 1973) (citing Demko for the proposition that the Federal Employees' Compensation Act "has . . . been made the exclusive remedy for federal employees within its coverage, and such employees have no election of remedies") (emphasis added); Shepard v. Stidham, 502 F.Supp. 1275, 1281 (D.C. Ala. 1980) ("A determination that the denial of a prisoner's untimely inmate compensation claim removes the bar to suit under the Federal Tort Claims Act would

F.2d at 840-42 (court did not have jurisdiction under the FTCA where inmate was "concededly eligible for benefits under [the IACA]").[9]  Thus, plaintiff's appropriate recourse for disputing the work-relatedness of her injury would have been to administratively appeal the determination to award her lost-time wages under the IACA, which she did not do.[10]  Likewise, if

---

effectively undermine the exclusive remedy holding of Demko, supra. It would render the Demko holding one of election of remedies. . . . Such a holding would allow prisoners to avoid the less desirable remedy of inmate accident compensation in favor of a damage remedy simply by delaying the filing of the compensation claim.  This result would violate the clear mandate of Demko and its progeny that the Inmate Compensation Act is the prisoner's exclusive remedy.").

[9] The issue of whether an injury is work-related under the IACA, thus precluding FTCA recovery, can be compared to FTCA cases where compensation has been awarded under the Federal Employees' Compensation Act ("FECA").  In this context, courts have held that where "there is even a substantial question as to whether the plaintiff's injury occurred in the performance of his federal employment [thus qualifying the plaintiff for FECA recovery]," district courts "may not entertain FTCA suits."  See, e.g., Gill v. United States, 641 F.2d 195, 197 (5th Cir. 1981). In Gill the court held that, notwithstanding that plaintiff "returned the [FECA] award checks and notified the Government that he was electing to claim his remedy under the FTCA in lieu of his FECA benefits," plaintiff's FTCA claim was barred because "by granting [plaintiff] FECA benefits," it was determined that plaintiff was "within the coverage of FECA."  Id.

[10] Plaintiff also contests the work-related determination by claiming that the Injury Report states both that the injury was work-related and non-work-related.  See Pl. Opp. Mem. at 2 (citing Injury Report [Doc. # 20, Ex. 1i] at 2).  However, plaintiff appears to acknowledge (as is clear from examination of the document) that this was just a technical mistake of failing to circle the "work-related" clause on the form, given that plaintiff also alleges that "the injury was recognized by the Bureau of Prisons, was found to be compensable, and the first stage of compensation actually was paid."  Id. at 4.

plaintiff seeks to dispute any denial of her claim for
compensation post-release based on inadequate assistance
(including failure to provide her with a claim form and inform
her of the specific time period in which to file her claim),
administrative appeal is the appropriate vehicle for doing so.
However, because it was determined that plaintiff was eligible
for IACA compensation (and, moreover, plaintiff accepted such
compensation), this Court is divested of jurisdiction under the
FTCA.[11]

**B.    Constitutional Claims**

       Plaintiff also asserts claims for compensatory and punitive
damages against the individual defendants under a <u>Bivens</u> theory
for deliberate indifference to her medical needs in violation of
the Eighth Amendment and for violation of her First Amendment
right of access to the courts.  <u>See</u> Pl. Opp. Mem. at 5-6 (citing
Complaint ¶ 6).  Pursuant to <u>Bivens v. Six Unknown Named Agents
of the Federal Bureau of Narcotics</u>, 403 U.S. 389 (1971), a
plaintiff may seek damages against defendants acting in their
individual capacities where their conduct is found to violate

----

       [11]  Because the Court determines that plaintiff's FTCA claim
is barred given her eligibility for compensation under the IACA,
it need not reach defendants' arguments for dismissal of all
parties on the ground that only the United States is properly
named as a defendant in a FTCA suit, and for dismissal of
plaintiff's claim for damages in excess of the amount claimed in
her administrative complaint.

constitutional rights.  See Ellis v. Blum, 643 F.2d 68, 84 (2d
Cir. 1981).  The only relief available in a Bivens action is an
award of damages from the defendants.  See Polanco v. United
States Drug Enforcement Admin., 158 F.3d 647, 652 (2d Cir. 1998)
(noting that a Bivens action is, by definition, a claim for money
damages).

     A Bivens action will only lie against a federal government
official and thus such actions against the United States or a
federal agency are "routinely" dismissed.  See Mack v. United
States, 814 F.2d 120, 122-23 (2d Cir. 1987); see also Fed.
Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486 (1994) (actions
for damages against federal agencies are not cognizable under
Bivens).  Because a claim against a federal employee in his or
her official capacity is, essentially, a suit against the United
States, Bivens does not authorize such claims, and the United
States has not waived sovereign immunity for damages claims
arising from actions of federal employees in their official
capacities.  See Robinson v. Overseas Military Sales Corp., 21
F.3d 502, 510 (2d Cir. 1994) (a Bivens claim against federal
defendants in their official capacities was barred by sovereign
immunity and thus properly dismissed).  Defendants argue that
"[i]t is clear that the plaintiff is suing all the individually
named defendants in their official capacities," see Def. Reply
Mem. at 5, and indeed it is.  At paragraphs 7, 8, 10 and 11 of

12

the Complaint, plaintiff identifies each of the individual defendants by name, followed by "in [his/her] official capacity." Thus, because plaintiff asserts claims against the individual defendants in their official capacities, such claims are not cognizable under <u>Bivens</u> and they are therefore dismissed.

## IV.   CONCLUSION

For the foregoing reasons, defendants' Motion [Doc. # 17] is GRANTED and this case will be closed.

IT IS SO ORDERED.

                    _____/s/_____
                    Janet Bond Arterton
                    United States District Judge

**Dated at New Haven, Connecticut this 20th day of March 2006.**

13